**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1434**

_____

ROSA ANARIBA; L.Y.O.A.,

        Petitioners,

     v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  October 31, 2023                Decided:  November 2, 2023

_____

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eric R. Suarez, SANABRIA & ASSOCIATES, PLLC, Silver Spring, Maryland, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Brianne Whelan Cohen, Senior Litigation Counsel, Robbin K. Blaya, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosa Anariba and her daughter, L.Y.O.A.,* natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals dismissing Anariba's appeal from the immigration judge's oral decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

As to Anariba's applications for asylum and withholding of removal, the immigration judge ruled that Anariba failed to prove that the past persecution she alleged, or the future persecution she feared, were on account of a statutorily protected ground. The Board found no clear error in this factual determination, which was dispositive of these applications for relief. *See generally Madrid-Montoya v. Garland*, 52 F.4th 175, 179 (4th Cir. 2022) (discussing the nexus element and explaining that, "[i]f an applicant fails to satisfy the nexus requirement, she cannot obtain asylum or withholding of removal"); *see generally also Garcia v. Garland*, 73 F.4th 219, 229 (4th Cir. 2023) (observing that "[t]he core of an applicant's eligibility for withholding of removal is the nexus between persecution and a protected status, a link that requires showing that the applicant's status is at least one central reason for the risk of harm that he faces" (internal quotation marks omitted)). However, because Anariba's brief in this court does not address the agency's "no-nexus" ruling, she has forfeited appellate review of this part of the Board's order. *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023)

---

* L.Y.O.A. was a derivative asylum applicant. *See* 8 U.S.C. § 1158(b)(3).

(explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs); *see also Grayson O Co. v. Agadir Int'l, LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

Anariba's brief does raise substantive arguments related to the agency's denial of her claim for relief under the CAT. However, upon review of the record, we conclude that the evidence does not compel a ruling contrary to the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of CAT relief, *see Chicas-Machado v. Garland*, 73 F.4th 261, 272 (4th Cir. 2023). That is, we are satisfied that "a[ ] reasonable adjudicator would [not] be compelled to conclude" that the Honduran government would consent to or acquiesce in Anariba's future mistreatment by a private actor. *Chicas-Machado*, 73 F.4th at 272 (internal quotation marks omitted).

Accordingly, we deny the petition for review. *See In re Anariba* (B.I.A. Mar. 23, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3